1  **PATENAUDE & FELIX, APC**
Westley U Villanueva, Esq.
2  Nevada State Bar No. 8708
1771 E. Flamingo Road, Suite 112A
3  Las Vegas, Nevada 89119
(702) 952-2032 Fax (702) 992-6286
4
Attorneys for Defendant
5  PATENAUDE & FELIX, A.P.C.

6

7

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10

11  LAURIANN BRADFORD,                 | Case No.  2:12-CV-0042-JCM-GWF

12                        Plaintiff,    | **DEFENDANT PATENAUDE & FELIX,
                                         A.P.C.'S MOTION TO DISMISS
13  v.                                   PLAINTIFF'S COMPLAINT PURSUANT
                                         TO F.R.C.P. 12(b)(6) AND REQUEST FOR
14                                       F.R.C.P. 11 SANCTIONS**
PATENAUDE & FELIX, A.P.C.,
15  a foreign corporation,              DATE:
DOES 1 through 15 inclusive;          TIME:
16  ROE CORPORATIONS I through V,       DEPT:
inclusive,
17                    Defendant(s).

18

19

20         COMES NOW the Defendant, **PATENAUDE & FELIX, A.P.C.**, by and through its

21  attorney of record, WESTLEY U. VILLANUEVA, ESQ., and hereby files this Motion to Dismiss

22  the Complaint of Lauriann Bradford.

23         This Motion to Dismiss is made and based upon papers and pleadings on file herein, the

24  Points and Authorities attached hereto, the exhibits attached hereto, and any oral argument the court

25  may hear on this matter.

26

27

28                                            1

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

*(left margin, vertical text)* PATENAUDE & FELIX, APC  ATTORNEYS AT LAW  4545 MURPHY CANYON ROAD, 3RD FLOOR  SAN DIEGO, CALIFORNIA 92123-4363  TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

**TABLE OF CONTENTS**

I.   BACKGROUND ...................................................................................7

II.  POINTS & AUTHORITIES  ................................................ 8

PLAINTIFF'S ACTION SHOULD BE DISMISSED BECAUSE OF HER FAILURE TO

STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED [FRCP 12(b)(6) ... 8

  (A).  PLAINTIFF'S ALLEGATIONS THAT TARGET NATIONAL BANK IS NOT

  THE OWNER OF THE DEBT IT IS SEEKING TO RECOVER IS WITHOUT

  MERIT ......................................................... 9

    1. The undisputed evidence establishes that Target owns the account,

    therefore, Target National Bank has standing and is the real party in interest

    for purposes of collecting the debt owed by Bradford on the account.  .... 9

    2. Plaintiff's Claim is Unripe Because the State Court Has Not Made a

    Determination Regarding Target's Status As The Party In Interest and Therefore

    Any Alleged Violations Under the FDCPA and NRS are Premature.

    .................................................................................10

  (B). PLAINTIFF'S ALLEGATION THAT DEFENDANT VIOLATED THE FAIR

  DEBT COLLECTIONS PRACTICES ACT (FDCPA) IS WHOLLY WITHOUT

  MERIT  ....................................................... 11

    1. Defendant did not use a false and deceptive representation even under the

    standard of the "least sophisticated debtor," thus did not violate Section

    1692(e) of the FDCPA. ....................................... 11

    2. Defendant did not use unfair and unconscionable means to collect a debt

    and therefore did not violate Section 1692(f) of the FDCPA.. .......... 14

    3. Defendant did not fail to validate a debt as required by Section 1692(g)

    and therefore not violate Section 1692(g) of the FDCPA if even applicable.15

  (C). PLAINTIFF'S ALLEGATION THAT DEFENDANT VIOLATED NEVADA

  REVISED STATUES (NRS) IS WHOLLY WITHOUT MERIT. ............. 17

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

1          1. Plaintiff has failed to establish or provide any proof that Defendant

2             violated various sections of the NRS. . . . . . . . . . . . . . . . . . . . . . . . . . 17

3       (D). DEFENDANT REASONABLY RELIED ON TARGET'S

4       REPRESENTATION THAT TARGET OWNED BRADFORD'S DEBT AND HAD

5       NO INDEPENDENT DUTY TO INVESTIGATE THIS REPRESENTATION. . . 19

6       (E). DEFENDANT'S REQUESTS FOR SANCTIONS. . . . . . . . . . . . . . . . . . . . 20

7   **III.    CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

1

**TABLE OF AUTHORITIES**

2   **FEDERAL STATUES**

3   28 U.S.C. § 1927 ................................................................................................20, 21

4   15 U.S.C. §  1692 ...............................................................................................14, 15

5   **NEVADA STATUES**

6   Nevada Revised Statues Section 598.0923 .........................................................17, 18

7   Nevada Revised Statues Section 598.0915 .................................................................15

8   Nevada Revised Statues Section 649 ...........................................................................17

9   **CASE AUTHORITY**

10   Chambers v. NASCO, Inc. (1991)

11        501 US 32, 43, 111 S. Ct. 2123, 2132 .................................................................21

12   Clark v. Capital Credit & Collection Services, Inc., (9th Cir. 2006)

13        460 F.3d 1162, 1174 ......................................................................................... 19

14   Clomon v. Jackson, (2d Cir. 1993)

15        988 F.2d 1314, 1319-20 ...................................................................................12

16   Fink v. Gomez (9th Cir. 2001)

17        239 F.3d 989, 994 ............................................................................................21

18   Gaetano v. Payco of Wisconsin, Inc., (D.Conn.1990)

19        774 F.Supp. 1404, 1411......................................................................................12

20   Gostony v. Diem Corp, (D. Ariz. 2003)

21        320 F. Supp. 2d 932, 942 ....................................................................................14

22   Heller v. Legislature of Nev., (2004)

23        120 Nev. 456, 460, 93 P.3d 746, 749.....................................................................9

24   Hyman v. Tate, (7th Cir. 2004)

25        362 F.3d 965, 968 .............................................................................................19

26   Lipsig v. National Student Marketing Corp. (D.C. Cir. 1980)

27        663 F. 2d 178, 181..............................................................................................21

28

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

Mark Industries, Ltd. v. Sea Captain's Choice, Inc. (9th Cir. 1995)

    50 F. 3d 730, 732........................................................................................ 21

McCollough v. Johnson, Rodenburg & Lauinger, LLC, (9th Cir. 2011)

    637 F.3d 939, 949 .....................................................................................19

MGIC Indem. Corp. v. Weisman, (9th Cir. 1986)

    803 F.2d 500, 504 ......................................................................................9

Navaro v. Block. (9th Cir. 2001.)

    250 F.3d 729, 732 ......................................................................................8

Newman v. Checkrite,

    912 F.Supp. at 1381 .................................................................................15

Painter v. Anderson, (1980)

    96 Nev. 941, 943, 620 P.2d 1254, 1255-56 ..............................................10

Ridder v. City of Springfield (6th Cir.1997)

    109 F. 3d 288, 299...................................................................................21

Roadway Express, Inc. v. Piper (1980)

    447 US 752, 764-766, 100 S. Ct. 2455, 2463-2464.................................21

Robertson v. Corrothers. (9th Cir. 1981.)

    812 F.2d 1173, 1177.................................................................................9

Rosa v. Gaynor. (D.Conn.1989)

    784 F.Supp. 1, 3.......................................................................................12

Schwarz v. United States (9th Cir. 2000.)

    234 F.3d 428, 435 ....................................................................................9

Smith v. Transworld Sys., Inc.,(6th Cir. 1992)

    953 F.2d 1025, 1032 ..........................................................................12, 19

Sprewell v. Golden State Warriors. (9th Cir. 2001)

    266 F.3d 979, 988 ....................................................................................9

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0318

5

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

TeleVideo Systems, Inc. v. Heidenthal. (9th Cir. 1987)

    826 F. 2d 915, 916. .............................................................................................22

Van Buskirk v. Cable News Network, Inc. (9th Cir. 2002.)

    284 F.3d 977, 980 .............................................................................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

# I.

## BACKGROUND

This lawsuit is the result of the Plaintiff Lauriann Bradford ("hereinafter Bradford") being sued in a Nevada state action for a credit card debt that she defaulted on. See *Target National Bank v. Lauriann Bradford* Eighth Judicial District Court, Clark County, Nevada Case #A-11-639020-C. (Lodged as Exhibit "A," is a true and correct copy of the State Court lawsuit.)

On or around October 20, 1997, Bradford applied for and received a credit card issued by Target National Bank (hereinafter "Target"). Between 1997 and 2011, Bradford freely used this card to make purchases and made payments. On or around June 2010, Bradford stopped making payments and ultimately defaulted on this credit card. As a result, Target retained Defendant, The Law Office of Patenaude & Felix, A.P.C., (hereinafter "P&F"), to file a lawsuit on behalf of Target. The lawsuit was filed on or about April 11, 2011. Bradford answered that lawsuit on or around June 28, 2011 and proceeded to defend on the matter.

On or around, September 2, 2011, an arbitrator was appointed in the state court action and a scheduling and discovery order was entered on October 10, 2011. The order provided that discovery would cutoff on March 1, 2012 and discovery could not be propounded if discovery could not be responded to by that date.

On or about, February 18, 2012, Bradford served Target with discovery requests and noticed the deposition for Target's designated 30(b)(6) representative. P&F as Target's attorney objected to the discovery and the scope of the requested deposition. The scope of Bradford's discovery requests and deposition notice centered around Target being the true party in interest with standing to sue under the defaulted credit card agreement. Target maintained it was the real party in interest and had complete standing to file suit against Bradford on this credit card account.

On or about, March 5, 2012 the arbitrator in the state court action ruled Target was not required to respond to discovery, and that the deposition may held.

On March 7, 2012 Target extended an opportunity for settlement to Bradford in the state court action. Bradford, responded to Target's offer with a Summons and Complaint filed against Defendant (See Plaintiff Complaint *Lauriann Bradford v. Patenaude & Felix APC*, et al, Case No: 2:12-cv-0042)

7

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

venued in the United States District Court for the District of Nevada.

On or about March 13, 2012 Defendant advised Bradford via written communication that this matter was without merit and should be immediately dismissed. (Lodged as Exhibit "B," is a true and correct copy of the letter dated March 13, 2012.) As of the date of the filing of this motion, Defendant has repeatedly requested this matter be dismissed and provided publically available filings of Target National Bank that demonstrates that it is the true party in interest to proceed in the State Court Action against Bradford.

On or about April 5, 2012, Defendant provided Bradford a last opportunity to dismiss the frivolous federal action against Defendant.  (Lodged as Exhibit "C," is a true and correct copy of the letter dated April 5, 2012.)   Defendant now files this motion to dismiss Bradford's complaint for failing to state a claim upon which relief can be granted and requests sanctions be granted pursuant to Federal Rule of Civil Procedure (11).

## II

## POINTS AND AUTHORITIES

### PLAINTIFF'S ACTION SHOULD BE DISMISSED BECAUSE OF HER FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED [FRCP 12(b)(6)]

Defendant moves this Court to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's only allegation is that Defendant, in attempting to collect a debt owed by Plaintiff, *allegedly*, falsely misrepresented that Target was *the owner* of the debt. Defendant strongly disagrees.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navaro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001.) Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002.) In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the

8

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

1   plaintiff. *Schwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000.) However, legal conclusions need

2   not be taken as true merely because they are cast in the form of factual allegations. *Robertson v.*

3   *Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1981.) "Nor is the court required to accept as true allegations

4   that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

5   *Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (9th Cir. 2001.)

6   Evidence 201, may be considered along with the complaint when deciding a motion to dismiss for

7   failure to state a claim.

8         Also, a matter that is properly the subject of judicial notice pursuant to Federal Rule of

9   Evidence 201, may be considered along with the complaint when deciding a motion to dismiss for

10   failure to state a claim. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986)  (court

11   may take judicial notice of official records and reports without converting Rule 12(b)(6) motion

12   into Rule 56 motion for summary judgment.)  Therefore, Defendant has attached Billing Statements

13   sent to Bradford and a copy of the earlier complaint filed between Target and Bradford with this

14   motion.

15
16   **A).**    **PLAINTIFF'S ALLEGATIONS THAT TARGET NATIONAL BANK IS NOT THE OWNER OF THE DEBT IT IS SEEKING TO RECOVER IS WITHOUT MERIT AND UNRIPE.**
17

18       **1.**    **The Undisputed Evidence Establishes That Target Owns The Account; Therefore, Target National Bank Has Standing And Is The Real Party In Interest For Purposes Of Collecting The Debt Owed By Bradford On the Account.**
19
20

21       Nevada Courts have well established that, to commence a civil action, a party must have

22   standing and, standing is the "legal right to set judiciary machinery in motion" *Heller v. Legislature*

23   *of Nev.,* 120 Nev. 456, 460, 93 P.3d 746, 749 (2004) (quoting *Smith v. Snyder,* 839 A.2d 589, 594

24   (Conn. 2004)). Nevada Rules of Civil Procedure 17(a) provides that "every action shall be prosecuted

25   in the name of the real party in interest." The idea of "real party in interest" means that an action shall

26
27   be brought by a party who has a right to enforce the claim and who has a significant interest in the

9

28

    **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0318

1  litigation. *Painter v. Anderson*, 96 Nev. 941, 943, 620 P.2d 1254, 1255-56 (1980).

2       In this case, Target National Bank is and has always been the owner of this credit card account,

3  thus has had complete standing to file a claim to recover on the defaulted credit card. (Lodged as

4  Exhibit "E" is a true and correct copy of the <u>Affidavit of Custodian of Records for Target National</u>

5  <u>Bank</u>). The facts remain the same, Bradford was issued a credit card by Target, made purchases and

6  payments  for over a decade on this card and subsequently defaulted.    Bradford *now* alleges that

7  Defendant misrepresented the true owner of the account. Bradford's contention is completely baseless

8  and simply a ploy to escape paying a debt. Clearly, Bradford did not question Target's ownership when

9  she benefitted from the use of the credit card for nearly thirteen years . But what is more interesting,

10  is that in those thirteen years, Bradford did not question Target's ownership, *even* when she was

11

12  making payments to Target.   Naturally, it would seem, someone so concerned with an entity's

13  ownership of a debt would simply not have paid that entity, unless they believed that entity in some

14  way owned the debt. (Lodged as Exhibit "D" is a true and correct copy of <u>Billing Statements provided</u>

15  <u>to *Bradford* </u>).

16

17

18              2.       **Plaintiff's Claim is Unripe Because the State Court Has Not Made a**
                         **Determination Regarding Target's Status As The Party In Interest and**
19                       **Therefore Any Alleged Violations Under the FDCPA and NRS are**
                         **Premature.**
20

21       In order for an issue to be justiciable in a United Stated Federal Court, the question  must be

22  neither be unripe or moot. <u>*Poe v. Ullman*</u>, 367 <u>U.S.</u> <u>497</u> (1961); <u>*DeFunis v. Odegaard*</u>, 416 <u>U.S.</u> <u>312</u>

23  (1974).  An unripe question is one for which there is not yet at least a threatened injury to the plaintiff,

24  or where all available judicial alternatives have not been exhausted. *Id.*

25       At the time of the filing of this Motion the State Court has made no finding that Target is

26  not the true owner of the debt nor has it found Target has no standing to sue. In fact, the arbitration

27

28

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO**
**F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

11bBradford Motion to Dismiss.frm

1   has not yet occurred and parties have been put on notice that this very issue will be raised and ruled

2   upon at the time.

3           Thus, the filing of Plaintiff's motion is premature and the question presented is unripe.  As

4   such, Defendant cannot be found to have violated the FDCPA or NRS.  Plaintiff's  complaint must

5   be dismissed for failing to establish a threshold requirement.

6

7

8

9

10   **B)     PLAINTIFF'S ALLEGATION THAT DEFENDANT VIOLATED THE FAIR
         DEBT COLLECTIONS PRACTICES ACT (FDCPA) IS WHOLLY
11       WITHOUT MERIT**

12           **1)Defendant Did Not  Use a False and Deceptive Representation Even under the
           Standard of the "Least Sophisticated Debtor," Thus Did Not Violate Section
13         1692(e) of the FDCPA.**

14       Plaintiff's entire argument for all claims made in this suit stem from Bradford's newly formed,

15   mistaken belief that Target is not the true owner of the debt.  Under 15 U.S.C. § 1692(e), debt

16   collectors may not "use any false, deceptive, or misleading representation or means in connection with

17   the collection of any debt." Plaintiff has completely failed to articulate just how this violation allegedly

18   occurred. Bradford merely states in the complaint a single  factual allegation that "Defendant's

19   collection efforts included sending letters to Plaintiff which falsely state who Defendant represents and

20   the name of the actual *owner* of the alleged debt." (*Emphasis Added*) (*See* <u>Plaintiff's Complaint ¶ 15</u>)

21   (Lodged as Exhibit "F" is a true and correct copy of the <u>Demand Letter sent to *Bradford*</u>)

22

23           Thus, the real issue appears to be whether or not the use of "Target" on the letters sent to

24   Plaintiff was a false and deceptive representation as defined under the FDCPA.  Defendant maintains

25   this was not a false and misleading representation and therefore not a violation under the FDCPA.

26

27

28

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0318

11

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

The FDCPA was enacted to protect consumers from abusive and harassing tactics of debt collectors and the courts have firmly established a least sophisticated debtor standard in determining deception and harassment. See Clomon v. Jackson, 988 F.2d 1314, 1319-20 (2d Cir. 1993). However, the courts have also carefully preserved the concept of reasonableness. See Rosa v. Gaynor, 784 F.Supp. 1, 3 (D.Conn.1989) (FDCPA "does not extend to every bizarre or idiosyncratic interpretation" of a collection notice but "does reach a reasonable interpretation of a notice by even the least sophisticated"). Courts have consistently applied the least-sophisticated-consumer standard and have found that it protects debt collectors against liability for *unreasonable misinterpretations* of collection notices. One court has held, for example, that collection notices are not deceptive simply because certain essential information is conveyed implicitly rather than explicitly. *See Transworld Systems,* 953 F.2d at 1028-29 (collection notice that does not expressly inform debtors of right to contest portion of debt is not misleading, because that right is "implicit" in right to challenge entire debt). Other courts have held that even the "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. *See Johnson,* 799 F.Supp. at 1306-07 (finding that "even the least sophisticated debtor knows that a 'Revenue Department' may be part of a department store or other commercial creditor just as it may be a governmental body"); *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1411 (D.Conn.1990) (approving collection notice even though required disclosures were printed only on the back of the notice, since language on the front directed consumers to read the reverse).

Similarly, in this case, Bradford's allegation that the use of "Target" on the two notices sent to Bradford can not be deemed false and misleading even under the standard of the *least sophisticated debtor* for several reasons.

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0318

12

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4365
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0310

First, from the inception of any collection activity on this account, Defendant has consistently used and referred to Target as the Creditor of ths account and has maintained that Target is the owner of the defaulted credit card account. Furthermore, since 1997, Bradford has used this credit card, referred to as the Target Credit Card, made payments based on billing statements that refer and use the name "Target" and all of a sudden is *now* alleging that using "Target" is deceptive and misleading. There is absolutely nothing false and misleading in this case except for Plaintiff's colorfully crafted complaint to wiggle out of her debt obligation.

Second, "Target" is somewhat iconic and familiar to many including Bradford. In fact, Bradford has had and used this Target credit card for thirteen years. As such, Bradford has provided no proof that she was in fact deceived. Bradford did not deny she ever had a Target credit card. She does not allege she was confused with some other similar sounding entity. She does not allege she is unfamiliar with Target. She simply claims that the name Target that she invited into her life thirteen years ago is now deceptive because it graces the page of a collection notice.

Finally, assuming that Bradford really did question Target's ownership of this debt, there were other avenues to expose Target's alleged non-ownership. For example, Bradford could have disputed this debt, waited for a ruling at the arbitration, or even allowed this matter to proceed to trial and expose to the Court that Target did not in fact own this debt. To turn around a file a lawsuit, after nearly 13 years of accepting Target as the owner of this debt is a complete waste of judicial economy and bad faith.

13

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0330

2.     **Defendant Did Not Use Unfair and Unconscionable Means to Collect A Debt and Therefore Did Not Violate Section 1692(f) of the FDCPA.**

Section 1692(f) of Title 15 of the United States Code provides a list of proscribed activities that constitute unfair practices on behalf of a debt collector. The Plaintiff has not alleged that the Defendant's actions violated any specific subsection of § 1692(f).

Generally, section 1692(f) which states in part that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" deals with a collector's use of obscene language or other threats. Plaintiff seems to allege that Defendant's representation of Target as the original creditor is in someway a violation of section 1692(f). Defendant contends that Plaintiff's 1692(f) claim is redundant and does not appear that any of Plaintiff's allegations in the Complaint give rise to a cause of action under § 1692(f).  Nonetheless Defendant will address the allegation now.

In Gostony v. Diem Corp, 320 F. Supp. 2d 932, 942 (D. Ariz. 2003), Plaintiff alleged that the Defendant's two collection letters dated June 6, 2002 and June 26, 2002 misrepresented the actual creditor of Plaintiff's alleged consumer debt, because Defendant listed the creditor in these letters as "Village at Stonecreek Apts.," the name of the apartment complex, instead of John W. and Joyce I. Nolan, the actual owners of the specific apartment unit Plaintiff rented and therefore violated Section 1692(f).  See Gostony v. Diem Corp., 320 F. Supp. 2d 932, 942 (D. Ariz. 2003).  The Court denied Plaintiff's motion for summary judgment on this issue, finding that Plaintiff had *not* been misled  In reaching its decision, the court looked to several documents including the rental agreement and determined that "Village at Stonecreek Apts" was listed in several places. As such, Plaintiff could not

14

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

1  have been misled as to the original creditor because she had been familiar with the name "Village at

2  Stonecreek Apts."

4  Similarly, with the case at hand, Bradford has interacted with Target for the past thirteen years,

5  and not once has a question arisen as to Target being the creditor of this debt. Plaintiff is extremely

6  familiar with the name "Target" since Target has consistently been listed on the terms and conditions

7  of Bradford's credit card agreement, Target has been stamped on nearly every page of a decade's

8  worth of billing statements, and on all court documents.  Plaintiff's contention that Defendant violated

9  section 1692(f) because Plaintiff  is now misled by the use of "Target" from the receipt of two

11  collection notices is simply a farce to improperly rid herself of a debt owed to Target.

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0310

3)  **Defendant Did Not Fail to Validate a Debt as Required by Section 1692(g) and Therefore Did Not Violate Section 1692(g) of the FDCPA if *Even* Applicable.**

Bradford's complaint is vague an ambiguous as to whether or not an allegation under section

1692g is pled. For instance, Bradford's complaint states, "Defendant's collection efforts violated 15

U.S.C Section 1692 e, f *and/or* g." (emphasis added) (see Bradford Complaint p.4:17).  Despite the

fact, Bradford's allegation is vague, unintelligible and appears to be nothing more than a fishing

expedition, Plaintiff will nonetheless address this allegation.

The FDCPA provides that "within five days after the initial communication with a consumer...

a debt collector shall send the consumer a written notice containing [a list of disclosures and

notifications.]" *Newman v. Checkrite,* 912 F.Supp. at 1381, *citing* 15 U.S.C. § 1692g.  § 1692g(a) of

15

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

the FDCPA requires that any letter to a debtor from a debt collector contain a validation notice which provides: (1) the amount of the debt, (2) the name of the creditor to whom it is owed, (3) a statement that the debtor has thirty days within which to dispute the validity of all or a portion of the debt, after which the debt will be assumed by the debt collector to be valid, (4) the debtor's right to obtain written verification of the debt or a copy of the judgment, and (5) a statement that the debt collector will provide the name and address of the original creditor, upon written request by the debtor. *Id.*

Section 1692(g) further provides, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

In other words, a debt collector's duty to verify a disputed debt is only triggered when the debtor notifies the debt collector in writing that the debt is disputed. Here, Plaintiff, on or around January 11, 2011, was mailed an initial demand letter that included the name of the creditor, debt amount and disclosures regarding any disputes. The notice was mailed to the address Plaintiff maintained was her current address and continues to maintain is her address today. The letter was never returned as undeliverable. (See Collection Notice).  The notice, pursuant to state and federal law advised Bradford that she had 30 days to dispute the debt. Simply put, Bradford *did not*. Defendant properly continued collection activity. As such, any and all allegations of wrongfulness under Section 1692(g) are moot.

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

16

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

HABradford Motion to Dismiss.frm

C).     **PLAINTIFF'S ALLEGATION THAT DEFENDANT VIOLATED NEVADA REVISED STATUTES (NRS) IS WHOLLY WITHOUT MERIT.**

Bradford argues that any violation under the FDCPA would automatically allow for tandem state claims under NRS 598 and NRS 649.  As such, the above arguments apply to these state claims and are incorporated by reference here.

1)      **Plaintiff has failed to Establish or Provide Any Proof that Defendant Violated Various Sections of the NRS.**

Specifically, Plaintiff references codes sections NRS 598.0923(4) which states, "A person engages in a deceptive trade practice when in the course of his or her business or occupation he or she knowingly uses coercion, duress or intimidation in a transaction. Nev. Rev. Stat. Ann.  598.0923 (West).  "Coercion" is defined as "Compulsion; constraint; compelling by force or arms or threat. It may be actual, direct, or positive, as where physical force is used to compel act against one's will, or implied, legal or constructive, as where one party is constrained by subjugation to other to do what his free will would refuse." Duress is defined as, ""Any unlawful threat or coercion used by a person to induce another to act (or to refrain from acting) in a manner he or she otherwise would not (or would). Subjecting person to improper pressure which overcomes his will and coerces him to comply with demand to which he would not yield if acting as free agent." Black's Law Dictionary 6th Edition.

Plaintiff seems to allege that she was forced in some way or another to do something she did not want to. However, the only act Defendant performed was to send Bradford two collection notices

17

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0030

1   that were compliant with both state and federal statutes.  Even if Plaintiff claims that she does not

2   believe that Target owes the debt that Target is attempting to recover, Plaintiff's argument that she was

3   coerced, under duress or intimidated is extremely tenuous, if an argument can even be made at all, *and*

4   contrary to her actions. Ironically, *Plaintiff* defaulted on this credit card. She decided she no longer

5   wanted to pay for the use of the card and of her own free will - stopped paying.  Furthermore,

6

7   Defendant has had no *direct* contact with Plaintiff. In fact, Plaintiff's husband is an attorney and the

8   attorney who is representing Bradford on this case. When Bradford, through her husband-attorney was

9   unable to settle the debt, *Defendant* was served with this federal lawsuit, perhaps as a means of

10  intimidation.

11

12      NRS 598.0923(4) along with NRS 598.092(8) which defines deceptive trade practices as

13  knowingly misrepresenting the legal rights, obligations or remedies of a party to a transactions; and

14  NRS 598.0915(15) which defines deceptive trade practices as knowingly making any other false

15  representation in a transaction all require Plaintiff to establish that Defendant acted "knowing." (See

16  Plaintiff's Complaint p:5).  As discussed in further detail below, Defendant reasonably relied on the

17  representations made by its long time client, Target and had no independent duty to investigate if this

18  account was in fact owned by Target. Target is the original creditor, and has not in the past or presently

19  given Defendant any reason to believe that it did not own the debt it placed with Defendant for

20  collections. In fact, Target's actions and representations have always been to the contrary and reliable.

21

22

23

24

25

26

27

28

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

18

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

D)  **DEFENDANT REASONABLY RELIED ON TARGET'S REPRESENTATION THAT TARGET OWNED BRADFORD'S DEBT AND HAD NO INDEPENDENT DUTY TO INVESTIGATE THIS REPRESENTATION.**

Bradford alleges that Defendant attempted to collect a debt from Plaintiff in bad faith because Bradford is under the misguided notion that Target is not the owner of the debt. Plaintiff fails to establish that Defendant is responsible for any collection actions it preformed on behalf of Target.

The FDCPA does not place a requirement upon debt collectors to conduct independent investigations into the debts that have been referred for collections. It is well established law that a debt collector is not liable for information provided by the credit if the debt collector reasonably relied upon it. See Hyman v. Tate, 362 F.3d 965, 968 (7th Cir. 2004), Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1032 (6th Cir. 1992).

The Ninth Circuit has noted that the FDCPA did not impose upon the debt collector any duty to investigate independently the claims presented by the creditor.  Generally, a debt collector may reasonably rely upon information provided by a creditor who has provided accurate information in the past. See Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1174 (9th Cir. 2006). See Also McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 949 (9th Cir. 2011). *Hyman v. Tate,* 362 F.3d 965, 967–68 (7th Cir.2004) (reliance was reasonable where debt collector and creditor-client had "understanding" that client would not forward accounts in bankruptcy; error was made in 0.01% of cases; and debt collector immediately ceased collection efforts upon notice from debtor of the mistake); *Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1032 (6th Cir.1992) (the FDCPA "does not require an independent investigation of the debt referred for collection" where, for example,

19

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

the debt collector's "referral form, completed and signed by [the creditor-client], include[d] specific instructions to claim only amounts legally due and owing").

Defendant has represented Target National Bank for many years. In all of these years, at no time has a question arisen as to whether Target has owned a debt that it placed with Defendant for collections. In fact, to the contrary, Target, has always represented it owns the debt it has placed with Defendant, and Defendant has no reason to believe otherwise. Target is not a "debt buyer", but rather the "original creditor" as defined by the FDCPA. As such, it is even less likely that Target's representation that is owned this debt would raise a red flag. For example, Defendant ceased representing "debt buyers" in Nevada when N.R.S. 97A.165 was enacted due to the strict requirements placed upon debt buyers to recover upon a purchased credit card account. Defendant, as part of its collection process, routinely reviews documents provided by Target. Such documents include applications of the debtors, billing statements, terms and conditions, and affidavits reflecting Target as the "owner" of the credit card accounts Defendant collects on. Simply put, Defendant properly and reasonably relied on Target's representation that Target owned the debt in this matter.

### E).   DEFENDANT'S REQUESTS FOR SANCTIONS

Defendant is requesting this Court to act *sua sponte,* under its authority under FRCP Rule 11(c)(2) to issue sanctions against the Plaintiff. Additionally, Defendant requests, pursuant to this Court's inherent powers, and 28 USC § 1927, sanctions for Plaintiff's unreasonable filing. Plaintiff is merely attempting to improperly use the legal system to rid herself of a debt she rightfully owes.

Section 1927 states:

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3ᴿᴰ FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 844-7600 FACSIMILE (858) 836-6010

20

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

*Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

Although there is a split as to whether Section 1927 applies to the initial Complaint, in *Ridder v. City of Springfield* (6th Cir.1997) 109 F. 3d 288, 299, it was held that §1927 Sanctions can apply to the initial filing.  In addition to its Rule 11 powers, and Section 1927, the Court has inherent power to impose sanctions against parties for their "bad faith" conduct in litigation.  See *Chambers v. NASCO, Inc.* (1991) 501 US 32, 43, 111 S. Ct. 2123, 2132; *Roadway Express, Inc. v. Piper* (1980) 447 US 752, 764-766, 100 S. Ct. 2455, 2463-2464.

Further, "Bad faith" conduct may be sanctioned under a Court's inherent powers, even if it is also sanctionable under other Rules, such as Rule 11 or 28 USC § 1927. *Chambers v. NASCO, Inc.*, supra, 501 US at 46-48, 111 S.Ct. at 2134.

Even if by some chance this Court were to find the Plaintiff has a meritorious claim, it does not prevent it from finding "bad faith."  A finding of "bad faith" does not require that the legal and factual basis for the action to be totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar assessment of attorney's fees.  See *Mark Industries, Ltd. v. Sea Captain's Choice, Inc.* (9th Cir. 1995) 50 F. 3d 730, 732, quoting *Lipsig v. National Student Marketing Corp.* (D.C. Cir. 1980) 663 F. 2d 178, 181.

"Sanctions are available for a variety of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez* (9th Cir. 2001) 239 F.3d 989, 994.  Also, Courts have inherent equitable power to impose terminating

21

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

sanctions (dismissal or default) for abusive litigation practices. *TeleVideo Systems, Inc. v. Heidenthal* (9th Cir. 1987) 826 F. 2d 915, 916.

Defendant has tried its level best to reason with Plaintiff. Defendant, in its numerous attempts has provided a decade's worth of billing statements showing purchases and payments made by Plaintiff. These billing statements were all sent to Plaintiff's current and undisputed address. Defendant has even gone so far as to provide Plaintiff with Target's (confidential and privileged) Amended and Restated Pooling and Servicing Agreement with Amendments Number 1, Amendment Number 2, and Amendment Number 3 explaining how Target National Bank is the "servicer" of the credit card accounts and maintains the exclusive right to collect on the defaulted credit card account. Plaintiff chose to completely disregard all provided information and file this lawsuit instead.

**III.**

22

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0310

## CONCLUSION

For all the reason stated above, it is Defendant's contention that Plaintiff is not only trying to escape a debt obligation, but also trying to have Defendant pay Plaintiff monies for simply trying to properly zealously represent its client. Defendant, finds this lawsuit to be a waste of judicial economy, and an abuse of the legal system.

It is respectfully requested that this Court dismiss the Complaint, with prejudice, and award sanctions to the Defendant.

DATED this 3rd day of May, 2012.

PATENAUDE & FELIX, A.P.C.

By: _____

Westley U. Villanueva, Esq.
Attorney for Defendant,
Patenaude & Felix, A.P.C.

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 FACSIMILE (858) 836-0320

23

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND REQUEST FOR F.R.C.P. 11 SANCTIONS**

H:\Bradford Motion to Dismiss.frm