UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAURIANN BRADFORD,

        Plaintiff,

v.

PATENAUDE & FELIX, A.P.C., et al.,

        Defendants.

2:12-CV-42 JCM (GWF)

**ORDER**

Presently before the court is defendant Patenaude & Felix, A.P.C.'s ("P&F") motion to dismiss. Doc. #18. Plaintiff Lauriann Bradford has filed an opposition (doc. #22-1),[1] to which P&F has replied (doc. #23).

Ms. Bradford has filed a motion to strike and request for judicial notice. (Doc. #24). P&F has filed an opposition (doc. #25), to which Ms. Bradford has replied (doc. #27).

Finally, Ms. Bradford also filed a motion seeking the imposition of sanctions (doc. # 30), and P&F filed a response in opposition (doc. # 31). Ms. Bradford elected not to file a reply.

**I.    Background**

The sparse factual allegations in the complaint allege that P&F collects debts owed to Target

---

[1] Ms. Bradford's original opposition was filed as document #21 on the court's docket. Ms. Bradford has represented to the court that her opposition was improperly filed due to a clerical error, and has supplied the court with an errata containing the full text of the opposition. The court accepts Ms. Bradford's representations and will therefore accept the substitute opposition filed as document #22-1.

**James C. Mahan**
**U.S. District Judge**

1  National Bank. Ms. Bradford alleges that in collecting such debts, P&F has sent letters to Ms.
2  Bradford that falsely represent exactly who P&F represents and the name of the actual owner of the
3  alleged debt. Ms. Bradford has sued P&F for alleged violations of the Federal Fair Debt Collection
4  Practices Act, 15 U.S.C. § 1692 *et seq*. and Nevada's Deceptive Trade Practices Act, NRS § 598 *et*
5  *seq*. as well as Nevada's Collection Agency Practices Act, NRS § 649 *et seq*.

6  P&F's motion to dismiss provides some context to better understand the allegations
7  contained in the complaint. In the motion, P&F represents that Target National Bank sued Ms.
8  Bradford in Nevada state court to collect on a defaulted credit card debt. The credit card account was
9  first opened on October 20, 1997. The card was apparently used between 1997 and 2011. P&F
10 states that when Bradford stopped making payments in June 2010, Target National Bank retained
11 P&F to file a lawsuit on behalf of Target. The lawsuit was filed in April 2011, and a court-appointed
12 arbitrator assigned to the case. During the course of the state proceedings, Ms. Bradford filed the
13 instant federal complaint against P&F. In June 2012, the court-appointed arbitrator in the state
14 action found in favor of Target.

15 P&F has moved to dismiss the complaint for failure to state a claim. *See* Fed. R. Civ. P.
16 12(b)(6). Ms. Bradford challenges the motion, arguing: (1) the court must strike several of the
17 exhibits that are attached to the motion, and; (2) must convert the motion to a motion for summary
18 judgment because it relies on facts and evidence external to the pleadings. *See Swedberg v.*
19 *Marotzke*, 339 F.3d 1139 (9th Cir. 2003).

20 **II.    Discussion**
21     *A.     Standard of Review*
22 A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
23 be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain
24 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*
25 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual
26 allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
27 of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual
28

**James C. Mahan**
**U.S. District Judge**                           - 2 -

allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion under Fed. R. Civ. P. 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). When matters outside the pleadings are presented to the court, a motion to dismiss generally must be converted to a motion for summary judgment under Rule 56, with the parties being given an opportunity to present all pertinent material. Fed. R. Civ. P. 12(d).

"However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994). A court may also consider certain documents attached to a complaint, as well as

**James C. Mahan**
**U.S. District Judge**

1  documents incorporated by reference into a complaint "if the plaintiff refers extensively to the
2  document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342
3  F.3d 903, 909 (9th Cir.2003). Moreover, under Federal Rule of Evidence 201, a court may take
4  judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279,
5  1282 (9th Cir.1986). Otherwise, if the district court considers materials outside of the pleadings, the
6  motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley*
7  *Transp. Agency*, 261 F.3d 912, 925 (9th Cir.2001).

      *B.*     *Analysis*

The court finds it appropriate to first determine which, if any, exhibits should be stricken. The court will then turn to the motion to dismiss and the motion for sanctions.

      1.     Motion to Strike (Doc. #24)

The extraneous documents that Ms. Bradford seeks to have the court strike include credit card statements from 2008 through 2010 (exhibit G), the affidavit of Adam Grim (exhibit F), and the decision of the court-appointed arbitrator from the state court proceedings (exhibit D). Ms. Bradford challenges the authenticity of these exhibits and she questions the relevancy and foundation for each, as well as contending that the documents are prejudicial.[2] The credit card statements are neither attached to the complaint, nor referred to in the complaint. Moreover, Ms. Bradford has challenged the authenticity of the statements. While the Grim affidavit could have arguably laid the appropriate foundation and authenticated the credit card statements, Mr. Grim did not discuss any of them. Rather, the Grim affidavit simply states that Target owns the debt created by Ms. Bradford and hired P&F to collect the debt. The court finds the Grim affidavit irrelevant to the instant issues and therefore strikes it. Furthermore, the court finds that it is inappropriate to acknowledge the credit card statements without converting the motion for summary judgment. As such, it will strike the

---

[2] The court will not address Ms. Bradford's argument relating to prejudice or relevance in great detail. She does not argue any basis for why the documents are *unfairly* prejudicial, and this court can discern no basis for such an argument. Rather, the evidence is prejudicial in the sense that *all* evidence is prejudicial. If it were not, the evidence would not be probative of any fact in consequence. Accordingly, the very "prejudice" Ms. Bradford complains of establishes the relevance of the evidence.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  statements and consider the instant motion pursuant to Fed. R. Civ. P. 12(b)(6), as was originally
2  intended.
3     In contrast to the credit card statements and the Grim affidavit, the court finds it appropriate
4  to take notice of the court-appointed arbitrator's order in the underlying state case. As explained by
5  Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." The arbitration
6  decision was entered in the state court docket as part of those proceedings. It is therefore part of the
7  public record.
8     Ms. Bradford, at great length, argues that the arbitration decision "is not a candidate to be
9  judicially noticed." (Doc. # 22-1; 26:13). Ms. Bradford has marshaled a plethora of Ninth Circuit
10 authority establishing that the "factual findings in one case ordinarily are not admissible for their
11 truth in another case through judicial notice." *See, e.g.*, *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5
12 (9th Cir. 2003).
13    The court agrees with Ms. Bradford's position. The court is not, however, adopting the
14 factual findings of the arbitrator. Indeed, the arbitrator has not made any factual findings that have
15 a bearing on this case. Rather, the arbitrator's decision was limited to the legal question of whether
16 the debt was owned by Target National Bank (the plaintiff in the state proceedings) or Target Credit
17 Card Master Trust or Target Receivables Corporation (as Ms. Bradford contended). *(See* Doc. # 18,
18 Exh. D 1:24-27. The arbitrator concluded that Target National Bank owned the debt. (*Id.* at 2:3-3).
19 The court takes notice of this ruling, but does not adopt any "factual findings" contained within the
20 decision.

21          2.   Motion to Dismiss

22    The court finds it appropriate to dismiss Ms. Bradford's complaint, because she has failed
23 to present a justiciable controversy. A state court judgment on the issue of ownership exists, thereby
24 eviscerating the legal theories under which she seeks to hold P&F liable.
25    "In determining the collateral estoppel effect of a state court judgment, federal courts must,
26 as a matter of full faith and credit, apply that state's law of collateral estoppel." *In re Bugna*, 33 F.3d
27 1054, 1057 (9th Cir. 1994) (citing 28 U.S.C. § 1738). Nevada has established the following four-
28

James C. Mahan
U.S. District Judge

- 5 -

part test for determining whether collateral estoppel should apply: "(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation, and; (4) the issue was actually and necessarily litigated." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55 (Nev. 2008) (internal quotation marks, ellipses, and footnote omitted); *see generally Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.").

The court finds the entire basis for this suit is the allegation that Target National Bank does not own the debt. However, taking judicial notice of the state court decision, and applying the principals of collateral estoppel, the court finds that: (1) the issue of ownership now before the court is the same as that in the underlying state action; (2) the issue of ownership was actually litigated and became final; (3) Ms. Bradford was a party to the state court case; and, (4) the issue of ownership was actually and necessarily litigated in the state court decision. *See Ruby*, 124 Nev. at 1054-55. As such, the court finds Ms. Bradford has failed to allege that P&F misrepresented the true owner of the debt.

Moreover, Ms. Bradford's complaint fails to meet even the liberal pleading standards required by the Federal Rules of Civil Procedure. In her first claim for relief, Ms. Bradford contends that:

> 16. Plaintiff repeats, realleges and incorporates by reference, paragraphs one through fifteen, inclusive, above.
>
> 17. Defendant's collection efforts violated 15 U.S.C. §1692e, f, and/or g.
>
> 18. Defendant's violations of 15 U.S.C. §§ 1692e, f and/or g render it liable to Bradford.
>
> 19. As a result of Defendant's abusive, deceptive and unfair debt collection practices, Defendant is liable to Bradford.
>
> 20. As a direct and proximate result of Defendant's violations of the FDCPA, Bradford has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment.

James C. Mahan
U.S. District Judge

- 6 -

1  21. As a result of the above violations of the FDCPA, P&F is liable to Bradford
2  for her actual damages, statutory damages, costs and attorney fees.

(Doc. # 1, Compl. p. 4). Section 1692e prohibits the use of false and deceptive representations in the collection of a debt. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt. Section 1692g requires creditors to validate a debt as required by the FDCPA.

The factual allegations included in the complaint, including those incorporated by reference in paragraph 16, fail to allege in any modicum of detail exactly what P&F did that violated any of the aforementioned statutory prohibitions. The most this court can glean is that Ms. Bradford believes that P&F was deceptive when it represented that it was collecting a debt on behalf of Target National Bank. Apparently, the inclusion of the Target name on the collection notice deceived Ms. Bradford as to who P&F was representing. If, however, as Ms. Bradford argues that the true owner of the debt is Target Credit Card Master Trust or Target Receivables Corporation, the phrase "Target" should have still rightfully alerted her as to what debt was at issue.[3]

Ms. Bradford has failed to explain how Target National Bank is a misleading term. Rather, "Target" is an iconic and familiar national brand. Most consumers, even those that meet the least sophisticated debtor standard that this court must employ, would not be confused, misled, deceived, or otherwise taken advantage of by the inclusion of the phrase "Target" in a collection notice pertaining to a Target branded credit card. *See Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D. Conn. 1989) (stating the FDCPA "does not extend to every bizarre or idiosyncratic interpretation" of a collection notice, but "does reach a reasonable interpretation of a notice by even the least sophisticated.").

No facts regarding unconscionability or validation have even been alleged to allow this court to engage in an analysis pursuant to sections 1692f or g.

Ms. Bradford's alleged state law violations are all premised on the alleged violations of the FDCPA. As she has failed to state an FDCPA claim, her state law claims must fail as well.

. . .

---

[3] The very fact that the court cannot be sure of exactly what Ms. Bradford bases her claim upon, establishes how she has failed to meet the pleading standard of Fed. R. Civ. P. 8.

        3.      Sanctions

Ms. Bradford seeks sanctions against P&F for attaching the arbitration panel's decision to its motion to dismiss. As the basis for sanctions, Ms. Bradford cites NRS § 38.259(2)(a). This statute is irrelevant and a meritless basis for the imposition of sanctions. This statute prohibits certain findings included in an arbitration panel's decision from admission at trial and in front of a jury in certain situations. NRS § 38.259(2)(a) has no bearing on this lawsuit. It in no way precludes a party from attaching an arbitration panel's decision to a motion in a different court. The motion for sanctions is denied.

## III.   Conclusion

In light of the foregoing, the court finds it appropriate to grant the motion to strike as to the Grimm affidavit and credit card statements, grant the motion to dismiss, and deny the motion for sanctions.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to strike (doc. #24) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. #18) be, and the same hereby is, GRANTED.

IT IS FURTHER, ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for the imposition of sanctions (doc. # 30) be, and the same hereby is, DENIED.

DATED October 24, 2012.

*James C. Mahan*
**UNITED STATES DISTRICT JUDGE**