**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURIANN BRADFORD,<br><br>  Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, A.P.C., et al.,<br><br>  Defendants. | 2:12-CV-42 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff's motion for reconsideration. (Doc. # 34).[1] Defendant filed a response in opposition (doc. # 36), and plaintiff filed a reply (doc. # 37).

**I.   Background**

Plaintiff sued defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, Nevada's Deceptive Trade Practices Act, NRS 598 *et seq*, and Nevada's Collection Agency Practices Act, NRS 649 *et seq*. This court previously dismissed plaintiff's amended complaint. (Doc. # 32). The court dismissed the action for two reasons. First, the court found that plaintiff failed to allege that defendant misrepresented the true owner of the debt. Second, the court found that plaintiff did not meet the liberal pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) because plaintiff alleged only bare and conclusory factual allegations.

Plaintiff filed the instant motion to reconsider. Plaintiff argues this court improperly relied on the original complaint instead of the first amended complaint. Plaintiff also argues that this court

---

[1] Plaintiff also filed a supplement (doc. # 35) with an attached exhibit.

**James C. Mahan**
**U.S. District Judge**

impermissibly relief on a state court arbitrator's ruling. In the motion, plaintiff fails to articulate the legal standard for a motion to reconsider.

Defendant responds by arguing all of the following: (1) plaintiff has not met the burdens of either Federal Rule of Civil Procedure 59(e) or 60(b); (2) plaintiff's motion is untimely; (3) the court correctly dismissed on the amended complaint; and, (4) the court properly relied on the arbitrator's ruling.

The court has reviewed the motions and arguments presented, along with reviewing again the first amended complaint and motions relating to the motion to dismiss, and the court agrees with defendant.

## II. Legal Standard

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229 F.3d at 889-90 (listing same three factors).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).[2] "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *Kona Enters., Inc., v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona*, 229 F.3d at 890).

---

[2] Plaintiff concedes that her motion to reconsider is untimely under Rule 59(e); however, the court has considered the motion and its arguments in its entirety.

**James C. Mahan**
**U.S. District Judge**

- 2 -

"Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9t Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991).

### III. Discussion

Plaintiff's first amended complaint does not state a cause of action against defendant. Plaintiff's first amended complaint recites in vague and general terms that defendant violated 15 U.S.C. § 1592e. The complaint states only that defendant did not own the debt in question and that defendant "used false, deceptive and/or misleading representations and/or means in connection with the collection of a debt." (Doc. # 11, ¶ 41). Plaintiff has stated no specific facts in her first amended complaint. The court finds that plaintiff raises all the same arguments and the court further finds that the complaint fails to state a claim.

Next, the court did not rely on the specific factual findings of arbitrator in the state court case. In the previous order, the court stated "the arbitrator has not made any factual findings that have a bearing in this case." (Doc. # 32). Plaintiff already made these arguments in the prior motions. In the prior order, the court judicially noticed the ruling of the arbitrator as a court record pursuant to Federal Rule of Evidence 201.

Plaintiff has not raised any new arguments in the motion to reconsider. After reviewing the arguments raised in the motion to reconsider, along with the first amended complaint and the motion to dismiss, the court finds that plaintiff has not stated a claim against defendant.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to reconsider (doc. # 34) be, and the same hereby, is DENIED.

DATED April 12, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**